**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>REYNALDO DEL CID-CASTILLO, )<br>                    Defendant. )<br>)<br>) | Criminal Number: 3:25CR100 |

## REPLY RE: SUPPRESSION

It appears from the government's response that the Court's ruling will have to await an evidentiary hearing. In anticipation of which, counsel notes the following:

1. The government concedes that Mr. Del Cid Castillo was detained in 2012. ECF No. 33 at 5. It acknowledges that this amounts to a *Terry* stop which must be supported by specific, articulable facts providing reasonable suspicion to justify the seizure. ECF No. 33 at 8. It does not acknowledge, but also does not dispute, that the government bears the burden where, as here, there was no warrant. MTS, ECF No. 22 at 2.

2. The government's argument that 8 U.S.C. § 1326(d) somehow supplants the Fourth Amendment, ECF No. 33 at 12-14, should be rejected. A motion to suppress under the Fourth Amendment is not in any sense a collateral attack, and the government points to no caselaw so holding, and makes no coherent argument, by analogy or from first principles, that evidence can only be suppressed on one ground. Mr. Del Cid challenged the validity of the removal order separately. ECF No. 21. There is no support for the idea that the government may introduce evidence at trial without regard to the Fourth Amendment if there is a different avenue for challenging a different aspect of the evidence. Take, for

1

example, a defendant's statements. They can be suppressed under the Fourth Amendment as fruit of an unlawful seizure. *See Wong Sun v. United States*, 371 U.S. 471 (1963). Or they can be suppressed due to a *Miranda* violation. *See Dickerson v. United States*, 530 U.S. 428 (2000). Or they can be suppressed as involuntary. 18 U.S.C. § 3501. As long as the defendant can meet his burden for suppression, or the government its burden for admission, as the case may be, none of these alternative routes exclude the other.

3. The government overreads *United States v. Oscar-Torres*, 507 F.3d 224 (4th Cir. 2007). ECF No. 33 at 15. It does note, in a footnote, that the case concerned only fingerprints, and the prior criminal and immigration record those fingerprints led the government to discover; the government had agreed not to admit his statements. ECF No. 33 at 15. Here, of course, Mr. Del Cid had in 2012 no prior immigration or criminal arrests or encounters. It's not the use of fingerprints to discover other records that he challenges, but his statements and the direct use of his arrest and statements to produce the order of removal in the first instance. *Oscar-Torres* speaks to that distinction at the beginning of the opinion:

> Indisputably, suppression of evidence obtained during illegal police conduct provides the usual remedy for Fourth Amendment violations. *See Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Courts will **also** suppress evidence that is the **indirect** product of the illegal police activity as "fruit of the poisonous tree." *See Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

*United States v. Oscar-Torres*, 507 F.3d 224, 227 (4th Cir. 2007) (emphasis added). It's under the "indirect" prong where Oscar-Torres held the attenuation doctrine applies. *Id.* But here, Mr. Del Cid's 2012 statements and removal are the direct and immediate consequence of the encounter. Therefore the Court should suppress as direct evidence. But even if the attenuation doctrine applies, the statements and removal order were unattenuated and suppressible. *See* MTS at 3.

4. One senses that the government's frustration stems from the fact that the arrest at issue occurred "*thirteen years*" ago, ECF No. 33 at 17 (emphasis in original). But it's the government's decision to initiate a prosecution, and its burden to prove the charges is proffers, and it's odd for it to complain when it knew, from the beginning of this prosecution it brought, the age of the removal order. *See United States v. Spector*, 343 U.S. 169, 179 (1952) (Robert Jackson, J., dissenting) ("No statute of limitations applies in some cases and the offense which renders the alien deportable may have occurred, but ceased, many years ago[.]"); *United States v. Mendoza-Lopez*, 481 U.S. 828, 838 n. 15 (1987) (citing Justice Jackson's dissent in *Spector*).

Respectfully Submitted,
Reynaldo Del Cid-Castillo.

By: _____/s/_____
Counsel
Joseph S. Camden
Va. Bar No. 92143
Assistant Federal Public Defender
Office of the Federal Public Defender
701 E. Broad St., Ste. 3600
Richmond, VA 23219
(804) 565-0830
Fax (804) 648-5033
joseph_camden@fd.org